USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/4/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUZSHARA COLAS,

                          Plaintiff,

              -against-

INFLUENTIAL, INC.,

                          Defendant.

25-CV-08197 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff, who is proceeding *pro se*, initiated this case on October 3, 2025.  Dkt. No. 1.  On October 11, 2025, the Court issued an Order of Service stating that Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service because she is proceeding *in forma pauperis*.  Dkt. No. 11.  On November 3, 2025, Plaintiff filed a letter requesting permission to serve Defendant through its registered agent, CT Corporation System, located at 28 Liberty Street, New York, NY 10005.  Dkt. No. 14.  In response, the Court explained that it had previously issued an order directing service at the address identified in the EEOC letter attached to Plaintiff's Complaint.  Dkt. No. 15.  However, the Court informed Plaintiff that if Marshal Service proved unsuccessful at that address, the Court would issue a new order directing service at the alternative address identified by Plaintiff.  *Id.*

    On January 30, 2026, Plaintiff filed a Marshal's Process Receipt and Return of Service Unexecuted indicating that service at the address identified in the EEOC letter attached to Plaintiff's Complaint was unsuccessful because the Plaintiff appears not to be located at that address.  Dkt. No. 18.  Plaintiff also requested permission to serve Defendant by alternative means.  Dkt. No. 19.

    Pursuant to the Court's November 5, 2025 Order, the Court now orders the U.S. Marshal Service to effect service at the alternative address provided by Plaintiff.  To allow Plaintiff to effect service on Defendant Influential, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.  If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

    Finally, because traditional service has not yet proved impractical, *see Tantaros v. Fox News Network, LLC*, No. 25-CV-1675 (VSB), 2025 WL 2237407, at *1 (S.D.N.Y. Aug. 5, 2025), Plaintiff's request to serve Defendant by alternative means (Dkt. No. 19) is DENIED at this time.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:    February 4, 2026
          New York, New York

_____
MARGARET M. GARNETT
United States District Judge

## SERVICE ADDRESS FOR DEFENDANT

Influential, Inc.
c/o CT Corporation System,
28 Liberty Street
New York, NY 10005